Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
2103 Montrose Ave. Suite D
Montrose, Ca. 91020
[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiff CARLOS AMADOR

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS AMADOR, an Individual; <br><br> Plaintiff, <br><br> vs. <br><br> ADT LLC dba ADT Security Services, a limited liability company; DEFENDERS, LLC., a limited liability company; EXPERIAN INFORMATION SOLUTIONS INC., a corporation; TRANS UNION, LLC, a limited liability company; COMPLETE CREDIT SOLUTIONS, INC., a corporation, and DOES 1-25, Inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES**: <br><br> 1. VIOLATION OF THE FAIR CREDIT REPORTING ACT; <br> 2. VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT; <br> 3. FAIR DEBT COLLECTION PRACTICES ACT. <br><br> **JURY TRIAL DEMANDED.** |

Plaintiff alleges:

1.   Plaintiff CARLOS AMADOR ("Plaintiff") is a resident of the County of Los Angeles, State of California.

2. Defendant ADT LLC dba ADT SECURITY SERVICES ("ADT") is a limited liability company doing business in the State of California, County of Los Angeles. ADT has corporate offices within this judicial district.

3. Defendant DEFENDERS, INC. ("DEFENDERS") is a limited liability company doing business in the State of California, County of Los Angeles.

4. Defendants, EXPERIAN INFORMATION SOLUTIONS INC. ("EXPERIAN"), TRANSUNION, LLC ("TRANSUNION") are business entities, forms unknown, doing business in the State of California as credit bureaus which receive negative credit information about consumers and which then publish such information in credit reports available to its subscribers. Collectively, these defendants will be referred to as "credit bureau defendants" or "credit agency defendants". EXPERIAN and TRANSUNION have corporate offices within this judicial district.

5. Defendant COMPLETE CREDIT SOLUTIONS, INC. ("CCS") is a business entity doing business as a collection agency in the State of Texas, County of Tarrant.

6. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of <u>Section 474 of the California Code of Civil Procedure.</u> Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 1-25, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted with oppression, fraud or malice with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the alleged actions and failed to redress the harm done to Plaintiff.  Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants.  Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

7. Plaintiff is informed and believes, and thereon alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship,

took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are in California Civil Code Section 3294(b), by each and every other Defendant herein used, whether named or fictitiously named.

# FIRST CAUSE OF ACTION

## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ADT LLC, EXPERIAN, TRANSUNION, COMPLETE CREDIT SOLUTIONS AND DOES 1-25, INCLUSIVE]

8. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

9. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. ADT is a "furnisher" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act. EXPERIAN and TRANSUNION are a "consumer reporting agencies" as that term is defined in 15 U.S.C. Section 1681a (f).

10. On or about January 20, 2018, an ADT/DEFENDERS agent went Plaintiff's house for the purpose of installing a ADT security system. A representative of ADT/DEFENDERS quoted Plaintiff a monthly rate of $27.99 over the phone, when Plaintiff agreed to have the ADT security system installed. After the Agent installed the ADT security system equipment, he had Plaintiff sign his electronic pad. When the Agent asked Plaintiff to confirm the amount, Plaintiff noticed the monthly rate was higher and different from what ADT/DEFENDERS originally quoted. Plaintiff informed the Agent he did not want the service if the

service was not going to be the agreed upon monthly rate. The Agent stated that he made an error and prepared a new handwritten contract for $27.99 per month.

11. A month later, Plaintiff received a bill that was not for the agreed-upon $27.99 monthly rate, but rather a much larger amount. Plaintiff contacted both the vendor ADT and installer DEFENDERS about the error. Defendants ADT and DEFENDERS informed Plaintiff that they would correct the error. After a couple of more weeks, defendants ADT and DEFENDERS corrected Plaintiff's monthly bill and sent Plaintiff a letter stating that the contract was for a monthly rate of $27.99.

12. Plaintiff continued making his agreed $27.99 regular monthly payments on time.

13. In March of 2018, after making his regular monthly payments for three (3) months, Plaintiff was informed by ADT that his security system service was canceled due to an issue with the contract provided by defendant DEFENDERS. Plaintiff contacted defendant DEFENDERS. Defendant DEFENDERS informed Plaintiff that the ADT security system account had been closed and sent to a collection agency. Defendant DEFENDERS stated that they could not provide an answer because it was "out of their hands." and sent to a collection agency Complete Credit Solutions (CCS).

14. When Plaintiff contacted CCS, they stated that he had not paid the larger amount than what had been written into the contract on January 20, 2018. Plaintiff contacted defendant ADT and provided them with a copy of the original handwritten contract. Defendant ADT said they would correct the error. However, defendant ADT did not correct the error and sold the "debt" to multiple collection agencies.

15. In November of 2020, without notice, Plaintiff received a negative collection mark on his credit from CCS pertaining to the ADT account. This came

as a shock to Plaintiff, as he never received any notice by mail or email regarding them having this "debt."

16. Plaintiff disputed the CCS collection account with all three (3) credit bureaus, and the CCS account was subsequently removed. In June 2022, the CCS account pertaining to the ADT "debt" reappeared on Plaintiff's EXPERIAN and TRANSUNION credit report. When Plaintiff disputed the account, he provided a copy of the January 20, 2018, written contract with ADT. However, defendant EXPERIAN and TRANSUNION did not remove the CCS collection account from both of his EXPERIAN and TRANSUNION credit report.

17. On or about May 20, 2021, Plaintiff contacted CCS at the phone number listed on his EXPERIAN credit report. CCS informed Plaintiff that while they could investigate the account, it would take a long time, but they could remove the negative credit mark if Plaintiff paid $200.

18. Plaintiff was outraged not from the amount, but the fact it was a fraudulent account. He does not have any late payments on his credit report and all their accounts are in good standing. The collection agency is holding his credit rating hostage based on fraud created by another company. Plaintiff informed CCS they never sent him a letter or notice to dispute the item but they disagreed and said they had. Plaintiff asked for proof, CCS said they did not have to provide it. Plaintiff states they did not provide it as USPS sends notifications and images of all the letters he receives and has every single notification for the past few years.

19. Plaintiff asked CCS to send him an itemized list of what he is supposed to owe and why they believe it is a valid debt and not fraud, but CCS refuses to provide any information regarding the debt being collected.

20. Plaintiff believes CCS is using extortion methods to force him to pay towards a fraudulent contract. CCS never sent him any notices prior or since

posting a negative mark on his credit and states that he can get rid of the negative mark if he pays them $200.

21.  Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from his credit reports.  Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

22.  Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in at least the following respects:

   a.  By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

   b.  By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

   c.  By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

   d.  By willfully and negligently failing to conduct a reasonable investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

   e.  By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof;

   f.  By willfully and negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of Plaintiff's

1 | dispute, and thus causing the credit report to the credit bureaus to be inaccurate and incomplete.

23. **Reinsertion violation:** in violation of 1681i (a) (5), defendants EXPERIAN, TRANSUNION and DOES 1-25, Inclusive, reinserted the false credit information without following the certification and notification steps as outlined in 15 U.S.C. Section 1681i (a) (5) (B).

24. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

25. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the public at large.

## SECOND CAUSE OF ACTION
## [VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST ADT LLC DBA ADT SECURITY SERVICES, CCS AND DOES 1-25, INCLUSIVE]

26. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

27. Within two years prior to the filing of the complaint in this action, defendant ADT, CCS and DOES 1-25, Inclusive, both willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

28. By willfully and negligently furnishing to credit reporting agencies information about the Plaintiff which Defendants ADT, CCS and DOES 1-25, Inclusive knew, or should have known, was incomplete or inaccurate.

29. Each of the Defendants ADT, CCS and DOES 1-25, Inclusive willfully and negligently failed in their obligations to examine credit reporting information before reporting it, and then later to reinvestigate and correct the derogatory marks after receiving notice of the inaccuracies. Plaintiff alleges that the policies and practices of each of the Defendants ADT, CCS and DOES 1-25, Inclusive, permit sloppy and inaccurate credit reporting and then hinder and obstruct adequate and meaningful reinvestigations, and that each defendant knows of this effect of its policies and practices.

30. As a proximate result of the willful and negligent actions of the Defendants ADT, CCS and DOES 1-25, Inclusive, and each of them, Plaintiff has suffered both general and special damages in an amount which will be proven at time of trial. As provided under the cited laws, Plaintiff is entitled to actual damages, loss of wages, damage to credit reputation, pain and suffering, costs and attorney fees. Plaintiff is also entitled to punitive damages and statutory penalties for willful violations of the California Consumer Credit Reporting Agencies Act.

## THIRD CAUSE OF ACTION

## [VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT AGAINST COMPLETE CREDIT SOLUTIONS INC. AND DOES 1-25, INCLUSIVE]

31. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

32. As a debt collector CCS, violated sections of the Fair Debt Collection Practices Act:

a) 15 U.S.C. Section 1692d: harassment, oppression and abuse generally prohibited (the attempted extortion is harassment and oppression).

b) 15 U.S.C. Section 1692e (2): prohibits the false representation of the character, amount or legal status of any debt.

c) 15 U.S.C. Section 1692e (8): communicating or threatening to communicate credit information which is known or which should be known to be false or inaccurate.

d) 15 U.S.C. Section 1692e (10): prohibits the use of any false or deceptive means to collect or to attempt to collect a debt.

e) 15 U.S.C. Section 1692f (1): collecting or attempting to collect any amount not authorized and/or not permitted by law. 15 U.S.C. Section 1692g: failure to validate debts after receipt of notice from the consumer.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;

2. For punitive damages;

3. For statutory penalties/punitive damages against defendant ADT for each separate violation of the California Consumer Credit Reporting Agencies Act;

4. For attorney's fees and expenses;

5. For costs of suit;

6. For such other relief as the court deems just and proper.

Dated: October 12, 2022        LAW OFFICES OF ROBERT F. BRENNAN, A P.C.

By: */s/ Robert F. Brennan*
ROBERT F. BRENNAN
Attorney for Plaintiff CARLOS AMADOR